DAVID J. VAN HAVERMAAT (Cal Bar No. 175761)
Email: vanhavermaatd@sec.gov
LORRAINE B. ECHAVARRIA (Cal. Bar No. 191860)
E-mail: echavarrial@sec.gov
KAROL L.K. POLLOCK (Cal. Bar No. 77009)
E-mail: pollockk@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>INNOVA ENERGY LLC, INNOVA LEASING AND MANAGEMENT LLC, and CLEMENT EJEDAWE a/k/a CLEMENT CHAD,<br><br>　　　　Defendants. | Case No. CV-09-1947-R (AJWx)<br><br>**[PROPOSED]** **PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) REQUIRING ACCOUNTINGS; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (4) EXPEDITING DISCOVERY** |

1 This matter came to be heard upon Plaintiff Securities and Exchange
2 Commission's ("Commission") *Ex Parte* Application For A Temporary
3 Restraining Order and Orders: (1) Freezing Assets; (2) Requiring Accountings; (3)
4 Prohibiting The Destruction Of Documents; And (4) Expediting Discovery; And
5 Order To Show Cause Re Preliminary Injunction (the "Application"). On March
6 23, 2009, the Court granted the Commission's Application and ordered the
7 defendants to show cause, if there be any, why a preliminary injunction should not
8 be granted in accordance with the complaint filed by the Commission.

9 The Court, having considered the Commission's Complaint, the Application,
10 the supporting Memorandum of Points and Authorities, Declarations and Exhibits,
11 and all other evidence and argument presented regarding the Application, finds that:

12 A. This Court has jurisdiction over the parties to, and the subject matter
13 of, this action.
14 B. Good cause exists to believe that defendants Innova Energy LLC
15 ("Innova Energy"), Innova Leasing and Management LLC ("Innova
16 Leasing"), and Clement Ejedawe a/k/a Clement Chad ("Ejedawe")
17 (collectively, "Defendants"), and each of them, have engaged in, are
18 engaging in, and are about to engage in transactions, acts, practices
19 and courses of business that constitute violations of Sections 5(a) and
20 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C.
21 §§ 77e(a) & 77e(c); Section 17(a) of the Securities Act, 15 U.S.C.
22 § 77q(a); and Section 10(b) of the Securities Exchange Act of 1934
23 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder,
24 17 C.F.R. § 240.10b-5.
25 C. The Commission has demonstrated a probability of success on the
26 merits and the possibility of dissipation of assets.
27 D. Good cause exists to believe that Defendants will continue to engage
28 in such violations to the immediate and irreparable loss and damage to

1

investors and to the general public unless they are restrained and enjoined.

## I.

IT IS HEREBY ORDERED that the Commission's Application For A Preliminary Injunction and Orders: (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting The Destruction Of Documents; And (4) Expediting Discovery is hereby GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants Innova Energy, Innova Leasing, and Ejedawe, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell, to offer to sell, or to offer to buy any security, or carrying or causing securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77(e)(a) & 77(e)(c).

## III.

IT IS FURTHER ORDERED that Defendants Innova Energy, Innova Leasing, and Ejedawe, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

A. employing any device, scheme or artifice to defraud;

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## IV.

IT IS FURTHER ORDERED that Defendants Innova Energy, Innova Leasing, and Ejedawe, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme, or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,

3

Defendants Innova Energy, Innova Leasing, and Ejedawe, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located, of Defendants Innova Energy, Innova Leasing, and/or Ejedawe, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them, and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or the credit arrangement of Defendants Innova Energy, Innova Leasing, and/or Ejedawe.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution, brokerage firm, or Internet or "e-currency" payment processor, all certificates of deposit, and other funds or assets, such as personal or real property, held in the name of, for the benefit of, or over which account authority is held by Defendants Innova Energy, Innova Leasing, and/or Ejedawe or any trust, partnership, joint venture, person or entity affiliated with any of them (including subsidiaries), including but not limited to the following accounts:

///

///

| Financial Institution, Bank or e-currency entity | Account Name | Account Number |
|---|---|---|
| Wells Fargo Bank | Innova Energy LLC | XXX-XXX5647 |
| Wells Fargo Bank | Innova Energy LLC | XXX-XXX8307 |
| Wells Fargo Bank | Innova Leasing and Management LLC | XXX-XXX3483 |
| Wells Fargo Bank | Innova Leasing and Management LLC | XXX-XXX7510 |
| Wells Fargo Bank | Innova Leasing and Management LLC | XXX-XXX4034 |
| Wells Fargo Bank | Innova Leasing and Management LLC | XXX-XXX7858 |
| Wells Fargo Bank | Signal Energy LLC | XXX-XXX5076 |
| Wells Fargo Bank | Signal Energy LLC | XXX-XXX7461 |

**VII.**

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Innova Energy, Innova Leasing, and their subsidiaries and affiliates, and continuing access to inspect their funds, property, assets and collateral, wherever located.

**VIII.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Innova Energy, Innova Leasing, and Ejedawe, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly:

5

destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Innova Energy and/or Innova Leasing.

## IX.

IT IS FURTHER ORDERED that Defendants Innova Energy, Innova Leasing, and Ejedawe shall, within five days of the date of issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of all assets of Innova Energy, Innova Leasing, and Ejedawe, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures, Internet payment processor, and other accounts identified by institution, branch address and account number.  The accountings shall include a description of the source(s) of all such assets.  Such accountings shall be filed with the Court and copies shall be delivered to the attention of Melissia Buckhalter-Honore at the Commission's Los Angeles Regional Office located at 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.  After completion of the accountings, Innova Energy, Innova Leasing, and Ejedawe shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying the accountings.

## X.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery is granted and that, immediately upon entry of this Order, the parties may take depositions upon oral examination and obtain document production from parties and non-parties subject to two business days notice; and may serve interrogatories, requests for the production of documents and requests

for admissions, subject to response within five calendar days of service. Service of all expedited discovery requests shall be proper if made upon the parties by facsimile or overnight courier.

### XI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: April 7, 2009

TIME: 10:30 o'clock a.m.

_____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ David J. Van Havermaat
David J. Van Havermaat
Lorraine B. Echavarria
Karol L.K. Pollock
Attorneys for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]  U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On April 6, 2009, I caused to be served the document entitled **[PROPOSED] PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) REQUIRING ACCOUNTINGS; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (4) EXPEDITING DISCOVERY** on all the parties to this action addressed as stated on the attached service list:

[X]  **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]  **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]  **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]  **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]  **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ]  **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]  **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X]  **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.

Date: April 6, 2009           /s/ David J. Van Havermaat
                              David J. Van Havermaat

**SEC v. INNOVA ENERGY, LLC, et al.**
**United States District Court – Central District of California**
**Case No. CV 09-1947 R (AJWx)**
**(LA-3496)**

<u>SERVICE LIST</u>

Clement Ejedawe a/k/a Clement Chad
[redacted]
Los Angeles, CA 90045

Innova Energy LLC
c/o Tracey, Padilla, Registered Agent
Budget Corp.
2050 Russett Way
Carson City, NV 89701

Innova Leasing and Management LLC
c/o Tracey, Padilla, Registered Agent
Budget Corp.
2050 Russett Way
Carson City, NV 89701